UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON BARRALE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1895 CDP |
| ) | |
| GATEWAY HOTEL HOLDINGS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This employment discrimination action is brought by Don Barrale, Gail Edwards, Pearl Hosie, Cynthia Schmitz, and Kelly Tuttle against Gateway Hotel Holdings, Inc. and Dominic Smart.  Defendants have moved to sever plaintiffs' claims, or in the alternative, for separate trials.  I will deny that motion without prejudice, and set the case for a Rule 16 scheduling conference.  If defendants believe that separate trials are appropriate, they should so indicate in their proposed joint scheduling plan.  That plan should include details such as the appropriate order in which the trials should proceed.

Defendant Smart has also moved to dismiss the claims brought against him by plaintiff Gail Edwards.  Smart argues that Edwards failed to exhaust her administrative remedies because her charge of discrimination with the Missouri Commission on Human Rights did not name Smart as a respondent.  As a

prerequisite to filing suit under the MHRA, a complainant must file a timely administrative charge against the allegedly discriminating party.  *See* Mo. Rev. Stat. § 213.075.1.  There are exceptions to the general rule that the defendant be named in the charge, including the "identity of interests" and "actual notice" exceptions.  *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1034 (E.D. Mo. 2004) (citing *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985)).  "These exceptions are similar:  an unnamed party will not be dismissed if he or she had adequate notice of the charge and opportunity to participate in conciliation proceedings aimed at voluntary compliance."  *Id.*

At this early stage of the action, the slim evidentiary record does not indicate whether Smart had actual notice of the charge or the opportunity to participate in conciliation.  "This is a question better suited for review . . . in connection with a summary judgment motion and a complete evidentiary record."  *Messmer v. Kindred Hosp. St. Louis*, No. 4:08CV749 CEJ, 2008 WL 4948451, at *3 (E.D. Mo. Nov. 10, 2008) (quoting *Hill*, 324 F. Supp. 2d at 1034).  I will therefore deny the motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to sever or in the alternative for separate trials [#7] is denied without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss claims brought by Gail Edwards against Dominic Smart [#9] is denied.

This case is set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2012.